[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages and injunctive relief brought against two defendants: James T. Morrissey and Woodbury Telephone Co. Morrissey was defaulted for failure to appear on May 29, 1992. On October 13, 1992, he was subpoenaed by in-hand service to appear at the trial involving the telephone company. According to the sheriff's return in the file, Morrissey "crumpled up the subpoena and witness money and threw the subpoena at [the sheriff's] car and said `Fuck her, I am not going.'"
On November 24, 1992, Morrissey filed a pro-se appearance. On December 3, 1992, a hearing in damages was held before the court. Morrissey did not receive notice of this hearing. At the time of the hearing the court was informed of the sheriff's return but was not informed of the existence of the subsequent pro-se appearance. The hearing lasted approximately an hour and a half, and at its conclusion substantial damages were awarded.
On December 15, 1992, Morrissey filed a pro-se motion to reopen the judgment. On December 28, 1992, the plaintiff filed an objection. A hearing was held on the motion and objection on December 29, 1992.
The motion to reopen is technically deficient under Conn. Gen. Stat. 52-212 (b) in that it is not verified by the oath of the moving party and does not state in general terms the nature of the defense. Had proper notice for the hearing in damages been given, the motion should plainly be denied. But the file as it now comes before the court unambiguously shows that proper notice was not given.
This lack of proper notice to an appearing party renders the hearing in damages fundamentally unfair. The judgment resulting from that hearing cannot stand regardless of the technical deficiencies in the motion to reopen. CT Page 802
The motion to reopen is granted and the objection to it is overruled.
Dated at Waterbury this 7th day of January, 1993.
JON C. BLUE Judge of the Superior Court